PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN PATRICK TURRENTINE,<br><br>Defendant. | CASE NO. 2:21-cr-0205 TLN<br><br>21 U.S.C. § 841(a)(1) – Distribution of 3,4-methylenedioxymethamphetamine (MDMA); 21 U.S.C. § 841(a)(1) – Distribution of lysergic acid diethylamide (LSD) (2 counts); 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine (4 counts); 21 U.S.C. § 841(a)(1) – Distribution of Amphetamine (2 counts); 21 U.S.C. § 841(a)(1) – Distribution of Psilocybin (2 counts); 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Psilocybin; 18 U.S.C. § 1956(a)(1)(A) – Money Laundering; 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture |

FILED
Oct 21, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

I N D I C T M E N T

COUNT ONE: [21 U.S.C. § 841(a)(1) – Distribution of MDMA]

The Grand Jury charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about December 19, 2019, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, popularly knowing as "MDMA" or "Ecstasy," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

/ / /

COUNT TWO: [21 U.S.C. § 841(a)(1) – Distribution of LSD]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about January 4, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of lysergic acid diethylamide, popularly known as "LSD," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about January 11, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about January 22, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about January 22, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SIX: [21 U.S.C. § 841(a)(1) – Distribution of LSD]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about January 29, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of lysergic acid diethylamide, popularly known as LSD, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SEVEN: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about March 2, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT EIGHT: [21 U.S.C. § 841(a)(1) – Distribution of Amphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about March 3, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of amphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT NINE: [21 U.S.C. § 841(a)(1) – Distribution of Amphetamine]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about March 10, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of amphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TEN: [21 U.S.C. § 841(a)(1) – Distribution of Psilocybin]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about November 10, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT ELEVEN: [21 U.S.C. § 841(a)(1) – Distribution of Psilocybin]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about November 24, 2020, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWELVE: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Psilocybin]

The Grand Jury further charges: T H A T

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about September 27, 2021, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THIRTEEN: [18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering]

The Grand Jury further charges:

JONATHAN PATRICK TURRENTINE,

defendant herein, on or about March 9, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, defendant JONATHAN PATRICK TURRENTINE, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: distribution of a controlled substance in violation of

Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part to promote the carrying on of such specified unlawful activity, to wit: further violations of Title 21, United States Code, Section 841(a)(1), and that while conducting the financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

<u>FORFEITURE ALLEGATION</u>: [21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Count One through Twelve of this Indictment, defendant JONATHAN PATRICK TURRENTINE shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

   a. All right, title, and interest in any and all property involved in violations of Title 21, United States Code, Section 841(a)(1), or conspiracy to commit such offenses, for which defendant is convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

   b. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendant is convicted.

2. Upon conviction of the offense alleged in Count Thirteen of this Indictment, defendant JONATHAN PATRICK TURRENTINE shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property, including but not limited to the following:

   a. A sum of money equal to the amount of money involved in the offense, for which defendant is convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Thirteen of this Indictment, for which defendant is convicted:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

INDICTMENT

5

        d.       has been substantially diminished in value; or

        e.       has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

_____
FOREPERSON

[signature]

PHILLIP A. TALBERT
Acting United States Attorney

INDICTMENT

6

No. _____                                                    2:21-cr-0205 TLN

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.

JONATHAN PATRICK TURRENTINE,

INDICTMENT **NO PROCESS NECESSARY**

**VIOLATION(S):** 21 U.S.C. § 841(a)(1) – Distribution of 3,4-methylenedioxymethamphetamine (MDMA); 21 U.S.C. § 841(a)(1) – Distribution of lysergic acid diethylamide (LSD) (2 counts); 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine (4 counts); 21 U.S.C. § 841(a)(1) – Distribution of Amphetamine (2 counts); 21 U.S.C. § 841(a)(1) – Distribution of Psilocybin (2 counts); 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Psilocybin; 18 U.S.C. § 1956(a)(1)(A) – Money Laundering; 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture

*A true bill,*      /s/ Signature on file w/AUSA
_____
                   *Foreman.*

*Filed in open court this* 21st *day*
*of* October *, A.D. 20* 21

                   /s/ Judy Streeter
_____
                   *Clerk.*

**NO PROCESS NECESSARY**
_____ Carolyn K. Delaney _____

GPO 863 525

2:21-cr-0205 TLN

## United States v. Jonathan Patrick Turrentine
## Penalties for Indictment

**COUNT 1:**

| 21 U.S.C. § 841(a)(1) – Distribution of 3, 4-Methylenedioxymethamphetmaine (MDMA or "Ecstasy") | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 2:**

| 21 U.S.C. § 841(a)(1) – Distribution of lysergic acid diethylamide (LSD) | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 3:**

| 21 U.S.C. § 841(a)(1) – Distribution of methamphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 4:**

| 21 U.S.C. § 841(a)(1) – Distribution of methamphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 5:**

| 21 U.S.C. § 841(a)(1) – Distribution of methamphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 6:**

| 21 U.S.C. § 841(a)(1) – Distribution of lysergic acid diethylamide (LSD) | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 7:**

| 21 U.S.C. § 841(a)(1) – Distribution of methamphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 8:**

| 21 U.S.C. § 841(a)(1) – Distribution of amphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 9:**

| 21 U.S.C. § 841(a)(1) – Distribution of amphetamine | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 10:**

| 21 U.S.C. § 841(a)(1) – Distribution of psilocybin | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 11:**

| 21 U.S.C. § 841(a)(1) – Distribution of psilocybin | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 12:**

| 21 U.S.C. § 841(a)(1) – Possession with intent to distribute psilocybin | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years, up to life. |
| Special Assessment: | $100 (mandatory on each count) |

**COUNT 13:**

| 18 U.S.C. § 1956(a)(1)(A) – Money Laundering | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $500,000 or up to twice the value of the property involved in the transactions, whichever is greater; or both fine and imprisonment; or both fine and imprisonment<br>Supervised release of up to 3 years. |
| Special Assessment: | $100 (mandatory on each count) |

| **FORFEITURE ALLEGATION:** 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture | |
|---|---|
| Penalties: | As stated in the charging document |